UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GARCIA CHAVEZ, | 1:12-CV-00028 BAM HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ON HABEAS CORPUS, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Following a preliminary review of the petition, on January 17, 2012, the Court issued an order notifying Petitioner he had failed to name a proper respondent. Petitioner was advised that his failure to name a proper respondent ordinarily requires dismissal of the petition for lack of jurisdiction. However, Petitioner was granted thirty days to file a motion to amend the petition to name a proper respondent. Over thirty days have passed and Petitioner has failed to comply. Petitioner was advised that failure to comply would result in dismissal for lack of jurisdiction.

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    iii.    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

1  3) The Court DECLINES to issue a certificate of appealability.

2  IT IS SO ORDERED.

3  Dated:   March 5, 2012              /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE